TO BE PUBLISHED

# Supreme Court of Kentucky

### 2024-SC-0496-KB

IN RE: ARTHUR JOSEPH MCLAUGHLIN III

### IN SUPREME COURT

## OPINION AND ORDER

This case is before the Court upon the motion of the Office of Bar Counsel (OBC), pursuant to Supreme Court Rule (SCR) 3.167, to indefinitely suspend Arthur Joseph McLaughlin, III from the practice of law due to his failure to file an answer to a charge as required by SCR 3.164. We deny the motion for indefinite suspension as McLaughlin has responded to this motion and provided a feasible basis for why he did not respond to the charges.

## BACKGROUND

McLaughlin's Kentucky Bar Association (KBA) membership number is 90218 and his bar roster address is 302 Iola Road, Louisville, KY 40207. McLaughlin was admitted to the practice of law in the Commonwealth on May 4, 2004, and has previously received two private admonitions, one for not returning unearned fees and the other for not returning unearned bond monies. He properly complied with the KBA's orders in these matters.

The underlying issue in this matter involves McLaughlin receiving a $5,000 retainer from Terry Miller to represent him in a child custody matter and then failing to return this retainer when the representation ended.

According to the bar complaint Miller filed with the KBA on January 2, 2024, McLaughlin took no action on his behalf and failed to return phone calls from Miller for weeks after receiving them. Miller stated that seven months after he first requested a refund of his retainer, after he threatened to file a complaint with the KBA, McLaughlin agreed to refund Miller's retainer. McLaughlin wrote a check to Miller from his personal checking account, but the check did not clear due to insufficient funds.

On February 8, 2024, McLaughlin was served with the bar complaint. He failed to file a response.

On May 6, 2024, the Inquiry Commission authorized a charge of six violations based on this bar complaint: SCR 3.130 (1.3) (diligence) by abandoning his representation of Miller; SCR 3.130 (1.4)(a)(4) (communication) by waiting weeks to return Miller's telephone calls; SCR 3.130 (1.5)(a) (fees) by failing to safekeep Miller's retainer by holding it in a separate account from his personal account; SCR 3.130 (1.15)(b) (safekeeping property) by failing to promptly deliver the unearned retainer to Miller upon request; SCR 3.130 (1.16)(d) (termination) by failing to return the unearned retainer to Miller after the termination of representation; and SCR 3.130 (8.1)(b) (disciplinary matters) by failing to respond to the Bar Complaint.

On July 31, 2024, McLaughlin received and signed for the envelope containing these charges, as served to him by the Bullitt County Sheriff's Office. McLaughlin did not file an answer to these charges.

On October 18, 2024, the OBC filed its motion with this Court requesting an indefinite suspension. At that time, the KBA had received no communication from McLaughlin. The OBC represents that it had also not received any written release signed by McLaughlin authorizing disclosure by KYLAP as required by SCR 3.990(1), regarding any communications he may have had with KYLAP.

On November 6, 2024, first counsel[1] entered an appearance for McLaughlin before our Court and filed a motion for enlargement of time to file a response and tendered a response. This response states essentially that McLaughlin had been careless in not responding and would not act in this manner in the future. The response included as exhibits filings that counsel made with the KBA: a verified motion to file late response and answer, a verified answer, and a verified response providing a partial defense to the complaint which included screenshots of text messages between McLaughlin and Miller indicating that communication had been ongoing.

In first counsel's verified motion to file a late response and answer, McLaughlin repeatedly apologized for his tardiness in responding, explained he was overwhelmed by his growing practice, and admitted to errors regarding refunding Miller's retainer by sending him a check from McLaughlin's personal account when it had been emptied to set up another account for him, and

---

[1] We refer to this counsel in this manner as McLaughlin essentially questions this counsel's competence and as this counsel has passed away, he is not in a position to challenge such characterizations.

3

explained how he remedied the matter by paying Miller as soon as he learned the check had not cleared by making two payments of $2,500 to Miller from McLaughlin's business account on December 29, 2023, and December 30, 2023, despite being entitled to part of the retainer for completing ten hours-worth of work on the case. McLaughlin explained he believed the matter was resolved as he had refunded the retainer to Miller prior to the complaint being filed. McLaughlin admitted he did not respond to the complaint and charges, noting that he was dealing with health problems, a busy practice, and lost track of these matters. McLaughlin "apologizes for the dilatory responses in this matter and affirmatively states that he has learned his lesson and will make bar pleadings, filings and discipline his number one priority" and "pledges to promptly respond to any requests for information, documents or cooperation from the disciplinary authority in the future."

First counsel's verified response contained the following representations: Miller had changed his mind about pursuing visitation, was responsible for the delays by balking at filing, and instead decided to use the money to pursue a business; McLaughlin had maintained communication with Miller through copious text messages; Miller did not ask for his retainer to be returned until December 5, 2023; McLaughlin admitted that the first check he wrote was from his personal account and would not clear; and McLaughlin denied acting unethically or unprofessionally.

On November 18, 2024, the OBC filed a motion for leave to file a supplement and tendered a supplement to its motion for indefinite suspension

4

in which it alleges that McLaughlin's response was premature as pursuant to SCR 3.167(3), he should not have made a filing until after our Court rendered an opinion on the OBC's motion and that he did not provide good cause for failing to file an answer.

On December 18, 2024, the OBC filed a motion for leave to file a second supplement and tendered another supplement to its motion for indefinite suspension.[2] The OBC indicates that on December 10, 2024, after the Inquiry Commission considered McLaughlin's motion to file a late answer and the OBC's response opposing his motion because no good cause had been presented for the delay, it denied his motion.[3]

On August 19, 2024, the Court granted McLaughlin's motion for an enlargement of time to file a response and the Commonwealth's motions to file their supplements, resulting in their tendered submissions being filed.

On October 3, 2025, McLaughlin moved to substitute second counsel as first counsel had passed away, filed a motion for leave to file a supplemental response, and tendered his supplemental response. On November 3, 2025, our Court granted these motions.

In McLaughlin's supplemental response, he indicates that first counsel had been retained in an informal manner to represent him on this bar complaint and been paid a retainer for this representation. He states that first

---

[2] These supplements had the same title.

[3] It is appropriate for us to consider these filings as representations by McLaughlin. It is not before us at this juncture to consider the propriety of the Inquiry Commission's decision to deny McLaughlin's motion to file a late answer.

5

counsel had represented him in a prior bar complaint that resulted in charges and filed his response and answer, and he had been satisfied in the result, which was a private admonition.[4]

McLaughlin explains that based on their personal and professional relationship, he had relied on first counsel to properly respond to the complaint and charges regarding his representation of Miller. McLaughlin also admits that he had two new bar complaints in 2025, one of which had resulted in charges, and first counsel, although also retained in those matters, had failed to respond to those complaints and charges. McLaughlin provides supportive attachments to the informal representation agreement between him and first counsel in the form of text and email exchanges relating to other bar complaints, and an affidavit from a fact witness. McLaughlin indicates that first counsel's illness which resulted in his death had been more serious than he understood and admits he had placed too much reliance on first counsel. McLaughlin also indicates that he is being treated for ADHD, anxiety, and depression, and has required a higher dose of medication recently to treat these conditions.

Indefinite suspension is an appropriate sanction in this case. *See, e.g., Kentucky Bar Assoc. v. Oliver*, 681 S.W.3d 59 (Ky. 2023). It is undisputed that McLaughlin received notice of the charges and failed to respond. This Court, however, retains discretion as to whether to impose indefinite suspension

---

[4] This is one of the two prior disciplinary matters referenced earlier.

based on the failure of an attorney to answer charges. It is not appropriate for McLaughlin to essentially blame his first counsel for failing to respond when it was McLaughlin's responsibility to make sure that his response and answer were filed with the KBA. However, McLaughlin has demonstrated that the underlying facts are in dispute, stated that he returned the funds to Miller (a matter that the OBC does not dispute), and provided some basis for his neglect which includes mental health struggles. McLaughlin has also pledged to fully cooperate and respond to the KBA in the future in resolving the complaints and charges against him.

We recognize that McLaughlin has thoroughly responded to this Court and attempted to make amends for his prior neglect by asking to file a late answer and response to the KBA and tendering such documents even if they were ultimately rejected for filing. We also note that McLaughlin provided some grounds for his previous neglect and properly refunded the retainer fee to Miller after the previous check was returned prior to the bar complaint being filed. McLaughlin has also made assurances of future cooperation with the KBA. Together, these actions provide a sufficient basis for us to choose to exercise our discretion in denying the motion for suspension. *See, e.g., In re Lovell*, 718 S.W.3d 649, 651 (Ky. 2025). However, such leniency is limited and will not be repeated at a later junction in this disciplinary matter, and has no bearing on what the ultimate outcome of the disciplinary process will be.

**CONCLUSION**

We, therefore, DENY the motion for indefinite suspension and remand Arthur Joseph McLaughlin, III's file to the KBA for further disciplinary proceedings as it deems appropriate. Pursuant to SCR 3.980(1), we ORDER KYLAP to aid and assist the Office of Bar Counsel in its investigations of McLaughlin according to SCR 3.980(3). We cannot order McLaughlin to consent to signing a written release to KYLAP pursuant to SCR 3.980(1) and SCR 3.990; however, failure to authorize KYLAP accordingly will indicate that McLaughlin's representations that he will cooperate are insincere.

All sitting. All concur.

ENTERED: December 18, 2025.

_____
CHIEF JUSTICE